**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION**

| | | |
|---|---|---|
| **MICHAEL ANTHONY OLAGUE,** | § | |
| **JA CQUELINE OLAGUE, STEPHANIE** | § | |
| **TORRIES, BRENDA OLAQUE, and** | § | |
| **AUTHUR OLAGUE** | § | |
|     *Plaintiffs,* | § | **CIVIL ACTION NO. 6:21-cv-71** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **CORECIVIC, INC.** | § | |
|     **Defendant.** | § | |

<u>**PLAINTIFFS' ORIGINAL COMPLAINT**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Michael Anthony Olague, Jacqueline Olague, Stephanie Torres, Brenda Olague, and Arthur Olague (collectively "Plaintiffs"), and file this Original Petition complaining of Defendant CoreCivic, Inc., and in support thereof would show the Court as follows:

## I.    INTRODUCTION

1.1    Arturo Martinez Olague ("Decedent") was a detainee at the Eden Detention Center, a private prison located in Eden, Texas. Defendant CoreCivic, Inc. ("CoreCivic") owns and operates Eden Detention Center as a medium-security facility holding male detainees arrested by the federal Immigration and Customs Enforcement agency, pursuant to CoreCivic's contract with the Federal Bureau Of Prisons.

1.2    In January of 2021, Decedent received severe injuries as a result of the improper and/or excessive use of force against him by agents or employees of CoreCivic, just one month before Decedent was to have been released. Shortly thereafter, Decedent died of the severe

injuries improperly inflicted upon him while in CoreCivic's custody at the Eden Detention Center. Plaintiffs, as Decedent's children, now bring the present wrongful death Lawsuit against CoreCivic.

## II.   JURISDICTION AND VENUE

2.1   Jurisdiction is proper under 28 USC §1332(a)(l) as all Plaintiffs are Texas residents, while Defendant CoreCivic is a Maryland corporation, and the matter in controversy exceeds $75,000.

2.2   Venue is proper in this District under 28 USC §1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## III.   PARTIES

### Plaintiffs

3.1   Plaintiff Michael Anthony Olague is a United States citizen and a resident of McAllen, Texas. He is a biological child of Decedent.

3.2   Plaintiff Jacqueline Olague is a United States citizen and a resident of McAllen, Texas. She is a biological child of Decedent.

3.3   Plaintiff Stephanie Torres is a United States citizen and a resident of McAllen, Texas. She is a biological child of Decedent.

3.4   Plaintiff Brenda Olague is a United States citizen and a resident of McAllen, Texas. She is a biological child of Decedent.

3.5   Plaintiff Arthur Olague is a United States citizen and a resident of McAllen,

Texas. He is a biological child of Decedent.

**Defendant**

3.6     Defendant CoreCivic, Inc., formerly the Corrections Corporation of America, is a for- profit corporation providing correctional and detention services. CoreCivic is a Maryland corporation operating under federal tax laws as a real estate investment trust. Corecivic does business in in this District, including its operation of the Eden Detention Center, located in Eden, Texas. According to the Texas Secretary of State, CoreCivic's registered agent is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Regardless of its place of residence, the allegations against CoreCivic arise from its actions and omissions occurring within both the State of Texas and this District.

## IV.    FACTUAL ALLEGATIONS

4.1     CoreCivic owns and operates the Eden Detention Center, a private prison located in Eden, Texas. Pursuant to its contract with the Federal Bureau of Prisons, CoreCivic operates Eden Detention Center as a medium-security facility holding male detainees arrested by the federal Immigration and Customs Enforcement agency.

4.2     In November of 2020, the United States District Court for the Southern District of Texas sentenced Decedent A1iuro Martinez Olague to eighteen (18) months imprisonment for "being found in the U.S. after previous deportation", pursuant to 8 USC §1326. The sentencing court transferred Decedent to the custody of the Federal Bureau of Prisons, who then placed Decedent in the Eden Detention Center, pursuant to its existing arrangement with CoreCivic.

4.3     On or about January 26, 2021, Decedent received severe injuries as a result of

an altercation with agents or employees of CoreCivic at the Eden Detention Center ("Altercation"). Upon information and belief, such Altercation involved the improper and/or excessive use of force by such agents or employees of CoreCivic. At the time of the Altercation, Decedent was just one month away from being released from the Eden Detention Center and, upon information and belief, the Altercation was neither provoked or justified by any action of Decedent.

4.4    Upon information and belief, CoreCivic subsequently failed to timely and properly diagnose and treat Decedent's injuries received in the Altercation. Upon information and belief, by reason of CoreCivic's failure to timely and adequately diagnose and treat Decedent's injuries received in the Altercation, Decedent's condition became life-threatening, but CoreCivic failed to timely transfer Decedent to a suitable medical facility.

4.5    Eventually, Decedent's condition became so severe that CoreCivic belatedly did transfer him to a medical care facility located in Austin, Texas. However, on or about February 2, 2021, Decedent died of the improperly treated injuries which he originally received in the Altercation, while in CoreCivic' s custody at the Eden Detention Center.

## V.    CAUSES OF ACTION

5.1    In *Minneci v. Pollard,* 565 US 118, 126-130 (2012), the Supreme Court recognized that federal detainees being held in private prisons possessed the right to sue such prisons and their staff under state law, citing *Salazar v. Collins,* 255 SW3d 191, 198-200 (Tex. App. - Waco 2008, no pet.). The *Minneci* court, *ibid,* further held that such actionable torts included failure to protect from "unreasonable risk of physical harm", and "negligent failure to diagnose or treat".

## **WRONGFUL DEATH**

5.2     Plaintiffs incorporate by reference all paragraphs above as if they were fully set forth herein.

5.3     CoreCivic owed Decedent, as a detainee within its custody at its Eden Detention Center, a duty of due care to prevent foreseeable harms. Specifically, CoreCivic had actual knowledge of or reasonably should have known of the risk of harm, injury or death to detainees like Decedent, by the application of improper and/or excessive force by its agents or employees at the Eden Detention Center, including those who severely injured Decedent during the Altercation, yet failed to protect Decedent from such unreasonable risk of physical harm.

5.4     Additionally, as the owner and operator of the Eden Detention Center where Decedent was detained, CoreCivic had actual knowledge of or reasonably should have known of the risk of harm, injury or death to Decedent, by reason of its failure to promptly diagnose and treat Decedent's injuries received during the Altercation, including its failure to promptly transfer him to a suitable medical care facility.

5.5     CoreCivic was reckless when it failed to properly hire, train, monitor and/or supervise its agents or employees who staffed its Eden Detention Center at the time of the Altercation, regarding the policies and procedures necessary to 1) protect detainees such as Decedent from the unreasonable risk of physical harm caused by the use of improper and/or excessive force by its staff, and 2) ensure the prompt and adequate diagnosis and treatment of injured detainees, including their timely transfer to suitable medical care facilities.

5.6     As a proximate result of the CoreCivic's actions and inactions, previously described, Decedent died.

5.7    In the eight (8) days between the January 26, 2021 Altercation and his eventual death, Decedent endured significant pain and suffering, as a result of both the injuries originally inflicted by CoreCivic personnel, and their subsequent inadequate treatment of those injuries.

5.8    At the time of his death, Decedent was fifty-three (53) years of age. He was in good health, with a reasonable life expectancy of at least twenty-five (25) additional years.  In all probability, Decedent would have continued caring for and supporting Plaintiffs, as his children, until his death.

5.9    Plaintiffs have suffered pecuniary loss from the death of their father, Decedent, including losses of care, maintenance, support, services, advice, counsel and contributions of a pecuniary value that Plaintiffs would, in reasonable probability, have received from Decedent during his lifetime had he lived. Plaintiffs have also lost the inheritance that Decedent, in all reasonable probability, would have left to them by will or inheritance. Plaintiffs have suffered additional losses by virtue of the destruction of the parent-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support and happiness. Plaintiffs have suffered severe mental depression and anguish, grief and sorrow as a result of the death of their father, Decedent, and are likely to continue to suffer for a long time in the future. For these losses, Plaintiffs seek damages exceeding $75,000.00.

## RESPONDEAT SUPERIOR

5.10    Plaintiffs incorporate by reference all paragraphs above as if they were fully set forth herein.

5.11    At the time of the Altercation and immediately thereafter, those individuals staffing the Eden Detention Center who failed to protect detainees such as Decedent from the unreasonable risk of physical harm caused by the use of improper and/or excessive force by its staff, or who

thereafter failed to timely and properly diagnose and treat Decedent's injuries inflicted during such Altercation, were the agents, servants, and employees of CoreCivic, and were acting within the course and scope of their employment for CoreCivic in so doing.

5.12    At the time of the Altercation and immediately thereafter, all such individuals staffing the Eden Detention Center were engaged in the furtherance of the business affairs and/or common business enterprise of their employer CoreCivic, and were likewise engaged in accomplishing work tasks for CoreCivic' s benefit.

5.13    Accordingly, under such theory of vicarious liability, Plaintiffs invoke the doctrine of ***respondeat superior*** against CoreCivic.

## **GROSS NEGLIGENCE**

5.14    Plaintiffs incorporate by reference all paragraphs above as if they were fully set forth herein.

5.15    The actions of CoreCivic described herein occurred as a result of the type of conscious indifference and reckless disregard toward the safety of others as to allow for the award of exemplary or punitive damages under Texas law. Such conduct, as described more fully herein constitutes gross negligence. As a result, Plaintiffs hereby seek exemplary damages in an amount that may be found by the jury.

5.16    The acts and omissions of Defendant CoreCivic described herein - when viewed from the standpoint of such Defendant at the time of the act or omission - involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Decedent. This is especially so given that, as an involuntary detainee in Eden Detention Center, Decedent

was entirely dependent on CoreCivic in 1) seeking to protect himself from staff-administered beatings and 2) obtaining adequate medical care for his CoreCivic-inflicted injuries.

5.17    Accordingly, Defendant CoreCivic exhibited a conscious indifference to the rights, safety, or welfare of Decedent by failing to properly hire, train, monitor and/or supervise its agents or employees who staffed its Eden Detention Center at the time of the Altercation, regarding the policies and procedures necessary to 1) protect detainees such as Decedent from the unreasonable risk of physical harm caused by the use of improper and/or excessive force by its staff, and 2) ensure the prompt diagnosis and treatment of injured detainees, including their timely transfer  to suitable medical care facilities. Accordingly, CoreCivic knew or should have known that its dangerous and reckless manner of hiring, training, monitoring and/or supervising its agents or employees who staffed its Eden Detention Center would cause injuries and death. Such behavior has resulted in Decedent's suffering and eventual  death.

5.18    CoreCivic had actual, subjective awareness of the risks involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of detainees such as Decedent. On the facts stated herein, Plaintiffs hereby request that exemplary damages be awarded against  CoreCivic.

## VI.    DAMAGES

6.1    Plaintiffs incorporate by reference all paragraphs set forth above, as if fully set forth here. As a direct, producing and proximate cause of the CoreCivic's actions, Decedent and/or Plaintiffs suffered the following injuries and damages;

6.2    As a result of the act and omissions of CoreCivic, Decedent suffered harms including but not limited to humiliation, pain, physical injuries, loss of liberty, severe fear, anxiety, and the

loss of his life, the value of which is to be determined according to proof.

6.3    As a result of the acts and omissions of CoreCivic, Plaintiffs suffered the loss of their parent-child relationship with Decedent, including loss of care, comfort, solace, protection, services, and/or parental love; loss of companionship and society sustained in the past and future; loss of inheritance, mental anguish in the past and future, as well as support of Decedent and loss of inheritance, the value of which is to be determined according to proof.

6.4    As a result of the acts and omissions of CoreCivic, Plaintiffs suffered and incurred expenses for the funeral and burial of the Decedent, the value of which is to be determined according to proof.

## VII.   JURY DEMAND

7.1    Plaintiffs hereby demand a trial by jury.

## VIII.   REQUEST FOR RELIEF

8.1    WHEREFORE, Plaintiffs Michael Anthony Olague, Jaqueline Olague, Stephanie Torres, Brenda Olague, and Arthur Olague demand judgment against Defendant CoreCivic, Inc. as follows:

a)  For compensatory damages according to proof;

b)  For punitive damages according to proof;

c)  For an award of interest, including prejudgment interest at the legal rate according to proof;

d)  For costs of suit incurred here on all causes of action; and

e)  For such other and further relief as the court may deem proper.

Dated: <u>December 3, 2021</u>

Respectfully submitted,

GUERRA LAW FIRM
320 W. Pecan
Avenue McAllen,
Texas 78501
Tel. (956) 618-2557
Fax. (956) 618-1690

By: _____

MANUEL GUERRA, III
Texas Bar No. 00798226
Attorney for Plaintiffs