IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

MICHAEL ANTHONY OLAGUE,　　　　　)
JACQUELINE OLAGUE, STEPHANIE　　)
TORRES, BRENDA OLAGUE, and　　　　)
ARTHUR OLAGUE,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
CORECIVIC, INC.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　　　　)　　　Civil Action No. 6:21-CV-071-C

**ORDER**

On this date, the Court considered Defendant's Motion to Dismiss, Plaintiffs' Response, and Defendant's Reply.  Plaintiffs have brought wrongful death, survivorship, and gross negligence claims against Defendant for the alleged wrongful death of decedent Arturo Olague Martinez, which occurred while in custody at the Eden Detention Center.  Defendant owns and operates the Eden Detention Center pursuant to a contract with the Federal Bureau of Prisons. Plaintiffs allege that on or about January 26, 2021, decedent received severe injuries as a result of an altercation with agents or employees of Defendant at the Eden Detention Center.  Plaintiffs further allege that the agents or employees applied improper or excessive force in the altercation resulting in the death of decedent after a subsequent failure to timely and properly diagnose and treat decedent's injuries.  Plaintiffs allege that decedent died on February 2, 2021, after his condition became so severe that he was finally transferred to a medical facility in Austin, Texas.

Defendant contends that Plaintiffs lack standing and capacity to bring their claims and Plaintiffs respond that they have filed an application with the probate court in Hidalgo County,

Texas, to open an estate for decedent and appoint Michael Anthony Olague (a Plaintiff in the above-styled and -numbered civil litigation) as the independent administrator of the estate and commence a proceeding to declare heirship.  Plaintiffs have attached purported copies of the filings to their Response.

However, as argued by Defendant in its Reply, nothing before this Court exists to show any indication that Plaintiffs' application has been granted or that Plaintiffs have yet been deemed heirs so that they would have standing to bring claims under the Texas Survival Statute.  As such, the Court finds that Defendant's Motion to Dismiss should be **GRANTED IN PART** on this ground—a lack of standing.  Therefore, the Court **DISMISSES** Plaintiffs' claims **WITHOUT PREJUDICE** TO FILING after standing can be shown.[1]

SO ORDERED.

Dated this ___6___ day of September, 2022.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

[1]At the point Plaintiffs can show standing and bring their claims, they should also re-plead the factual assertions in their complaint to meet their pleading burden.  The Court notes that Plaintiffs have sought information from the Texas Rangers' investigation of the incident, as noted by their filing of a Notice of Issuance of Subpoena [docket #18].

2